UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


MARK WATSON AND KAREN WATSON                                         PLAINTIFFS

V.                                               CIVIL ACTION NO. 1:08cv669-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY;                DEFENDANTS
FLETCHER SONGE AGENCY; FLETCHER SONGE; AND
WARREN GOFF


### ORDER RELATING TO THE COURT'S SUBJECT MATTER JURISDICTION

This cause of action was removed to this Court from the Circuit Court of Jackson County, Mississippi (the first paragraph of the removal notice erroneously states Hancock County). Defendants Fletcher Songe Agency, Fletcher Songe, and Warren Goff are not diverse in citizenship from Plaintiffs, and it is alleged that they were fraudulently joined as parties for the purpose of defeating diversity of citizenship jurisdiction in this Court.

Plaintiffs have not filed a motion to remand, nor has there been any other challenge to this Court's subject matter jurisdiction, and yet the non-diverse defendants remain parties to this action. "The absence of a dispute between the parties regarding the existence of diversity jurisdiction is irrelevant, however, because 'subject-matter jurisdiction cannot be created by waiver or consent.'" *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 260 (5th Cir. 2008) (quoting *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 919 (5th Cir. 2001)). Furthermore, "[t]he requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, Coldwater & Lake Michigan Railway Co. v. Swan*, 111 U.S. 379, 382 (1884)). Finally, the Federal Rules of Civil Procedure provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court notes that pretrial activity is proceeding apace. An [16] Order for Mediation was entered on March 23, 2009, and the parties timely [21] notified the Court of their intention to hold private mediation before the July 30, 2009, deadline in lieu of participating in the Court's mediation program. The Court believes that it is wise for the mediation to be held. However, in the event it is not successful, the Court's jurisdiction must be addressed, and the Court does not wish to wait until the eve of trial or, as in *Mullins* and *Steel Co.*, *supra*, appeal.

Accordingly, **IT IS ORDERED**:

Plaintiffs' counsel shall, within ten (10) calendar days of an unsuccessful private

mediation, advise the Court of his position on why this cause of action should not be dismissed for lack of subject matter jurisdiction;

Defendants' counsel shall, within five (5) calendar days of the filing of Plaintiffs' position, respond thereto;

Plaintiffs' failure to so advise the Court, or to provide adequate support for said position, or to take any other action vesting subject matter jurisdiction, shall result in the dismissal of this cause of action;

If settlement is reached at the private mediation, then counsel are governed by the provisions of the [16] Order for Mediation.

**SO ORDERED** this the 29th day of April, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE