UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARK WATSON and KAREN WATSON**                                                        **PLAINTIFFS**

V.                                            CIVIL ACTION NO.1:08CV669 LTS-RHW

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,**
**FLETCHER SONGE AGENCY, FLETCHER SONGE, and**
**WARREN GOFF, INDIVIDUALLY**                                                            **DEFENDANTS**

## MEMORANDUM OPINION
## ON PLAINTIFFS' MOTIONS TO REMAND AND FOR SANCTIONS

The Court has before it Plaintiffs' motion [39] to remand this action to the Circuit Court of Jackson County, Mississippi, and for sanctions [41]. For the reasons set out below, the motion to remand will be granted and the motion for sanctions will be denied.

Plaintiffs Mark and Karen Watson (Watson) resided at 3614 Woodcrest, Pascagoula, Mississippi, at the time of Hurricane Katrina. Their residence was insured under a homeowners policy issued by Defendant Nationwide Mutual Insurance Company (Nationwide) (policy number 63 23 HO 003427). The Nationwide policy contains an exclusion for flood damage. The plaintiffs did not have flood insurance coverage. Plaintiff's Nationwide policy provided coverage limits of $72,200 for the insured dwelling; $16,320 for other structures; $50,540 for personal property; and $14,440 for loss of use.

Plaintiffs filed this action in the Circuit Court of Jackson County, and Defendant Nationwide Mutual Fire Insurance Company (Nationwide) removed the action to this court on grounds of diversity of citizenship and the requisite amount in controversy and on the alternate grounds of federal question jurisdiction under the National Flood Insurance Act. Plaintiffs' motion to remand challenges the propriety of the removal and the Court's subject matter jurisdiction. Plaintiffs are Mississippi residents, as are Defendants Fletcher Songe (Songe) and Warren Goff (Goff). Defendant Fletcher Songe Agency (the agency) has its principal place of business in Mississippi.

Nationwide alleges that Songe, Goff, and the agency were fraudulently joined as defendants and their citizenship should therefore be disregarded for purposes of ascertaining diversity jurisdiction. Nationwide's Notice of Removal [1] states: ". . . Plaintiffs have stated no possible basis for recovery against [the agency, Songe, or Goff]." Having made the allegation of fraudulent joinder, Nationwide bears the burden of showing that allegation to be true. *See Dodson v. Spiliada Maritime Corp.* 951 F.2d 40 (5th Cir. 1992)*; Hart v. Bayer Corp.,* 199 F.3d 239 (5th Cir.2000)*.

In order to evaluate the merits of Nationwide's allegation of fraudulent joinder, I must apply a very liberal standard. Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiffs all reasonable inferences in support of their claims based upon those facts. I must also resolve all doubtful issues of state law in favor of the plaintiffs. The complaint against the non-diverse defendants may be dismissed only if there is no reasonable basis for concluding that the plaintiffs may establish a right of recovery against them. *Travis v. Irby*, 326 F.3d 624 (5th Cir.1990); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981).

Under this liberal standard, misjoinder or fraudulent joinder is an issue on which the removing party has the burden of proof. In order to establish that removal is proper, Nationwide must meet its burden of showing that there is no set of facts the plaintiffs can prove in support of their claim against the agency, Songe, or Goff, that would entitle them to relief. If, following this standard, I determine the plaintiffs have stated a cause of action against the agency, Songe, or Goff, I have no subject matter jurisdiction based on diversity of citizenship. Because I will be taking Karen Watson's (Watson) affidavit (Exhibit 2 to the plaintiffs' First Motion To Remand and Sanctions (sic) [39]) into consideration, I will treat this motion to remand as a motion for summary judgment, and I will be without diversity jurisdiction unless Nationwide can show there is no genuine issue of material fact and the in-state defendants are entitled to judgment as a matter of law.

I have examined the Complaint (Exhibit 2 of the Notice of Removal [1]) and Watson's affidavit, and I have concluded that the allegations of paragraph 5 of the Complaint are sufficient to state a cause of action against Goff. The supporting statements in Watson's affidavit are sufficient to create a genuine issue of material fact with respect to the plaintiffs' claims against the in-state defendants. Watson's affidavit indicates Goff gave her his assurance he would "take care of" Watson's request that Goff secure flood insurance for the Watson property. Watson's affidavit is uncontradicted in the record before me.

Goff did not secure flood insurance coverage for the Watson property, and, during Hurricane Katrina, the property sustained uninsured damage from storm surge flooding. Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Because the plaintiffs' claim against the in-state defendants involves the failure to procure flood insurance, rather than the handling of a claim under a Standard Flood Insurance Policy, there is no federal question jurisdiction under the National Flood Insurance Act. *Campo v. Allstate Ins. Co.,* 562 F.3d 751 (5th Cir.2009).

Having alleged a cause of action for Goff's negligent failure to procure flood insurance, the plaintiffs are entitled to the remand they seek.

While the plaintiffs have alleged the removal of this case was done in bad faith, there is no evidence in the record to support this allegation. The defendants did not have the benefit of Watson's affidavit at the time the case was removed, and the allegations of paragraph 5 of the Complaint, while sufficient to state a claim against the in-state defendants, are not nearly as strong standing alone as they are when considered with Watson's supporting affidavit. I will therefore deny the plaintiffs' motion for sanctions. An appropriate order will be entered.

**DECIDED** this 3rd day of August, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE